CHARLES CARROLL, Chief Judge.
The appellee filed this action on two promissory notes aggregating $13,608.84, as the holder thereof by endorsement and transfer. The defendant church, a corporation, was a maker on both notes. The *671 first note was signed on behalf of the church by the defendant Y. L. Anthony as the pastor, and by Winfield Lyon as the secretary. On the second note, under the name of the church as maker, Anthony’s signature appeared without any designation of capacity or agency, and Lyon signed for the corporation as secretary.
This action was against the church and against Anthony individually. The defendants answered pleading conditional delivery and payment. On trial of the cause without a jury, judgment was rendered in favor of the plaintiff. On the first of the notes judgment was against the church only, and on the second was against both the church and Anthony. Both defendants appealed.
The notes were given by the church to a bank to cover certain overdrafts in the church’s account, and represented exact amounts of overdrafts at the times given. One of the notes was made May 1, 1965. The second was made June 1, 1965. Each was made payable in six months. On September 3, 1965, at the instance of the payee bank the church made a deposit of $35,000 in another bank, $17,000 of which represented obligations of the payee bank to be discharged out of that sum, and the balance was to be credited to the account of the payee bank.
Regarding the asserted defenses, the matter relied on as constituting a conditional delivery was shown in evidence to have been an oral understanding that the payee would not transfer or assign the notes. The trial court properly rejected that as not being a conditional delivery. See 4 Fla.Jur., Bills and Notes, § 47. We also uphold the ruling of the trial court, inherent in the judgment, that the asserted defense of payment was not proved. The defendant Anthony, who made the deposit, testified it was intended that the $35,000 deposit was to be used in payment of the above mentioned notes and the said obligations of the payee bank, and that the balance was to be held to the credit of the church. However, the record contains no more than the statement of the church’s agent that such was the church’s intention. There was no showing of any mutual understanding to that effect, or that such intention or any direction to that effect was communicated to any officer or agent of the payee bank. The notes had not matured in September when the church advanced the $35,000, and the notes remained in possession of the payee bank. On December 15, 1965, after maturity, the notes were transferred for consideration to the plaintiff. A careful inspection of the transcript of record shows absence of evidence to support and sustain the defense of payment.
Affirmed.